**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 09 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD DANIEL COX,

          Petitioner - Appellant,

  v.

L. S. MCEWEN, Warden,

          Respondent - Appellee.

No. 11-57154

D.C. No. 5:10-cv-01174-GAF-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted August 26, 2014
Pasadena, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and GLEASON,
District Judge.[**]

    California state prisoner Richard Daniel Cox (Cox) appeals the district

court's denial of his petition for a writ of habeas corpus filed pursuant to the

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254.  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

1.      The California Court of Appeal's determination that there was sufficient evidence to support Cox's convictions for fatal assault on a child under the age of eight (child homicide), in violation of California Penal Code § 273ab, and first degree torture murder, in violation of California Penal Code § 187(a), was not contrary to, or an unreasonable application of, *Jackson v. Virginia*, 443 U.S. 307 (1979), and was not based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d).  Based upon the surrounding circumstances, the state court reasonably determined that a rational juror could find beyond a reasonable doubt the "care or custody" element of the crime of child homicide.  *See* Cal. Penal Code § 273ab (requiring that the person being charged have "care or custody" of the child victim).  These circumstances include Cox admitting that he took care of the victim, disciplined the victim, and treated an injury to the victim's foot, all of which tend to show that Cox assumed the role of caregiver.  *See People v. Perez*, 164 Cal. App. 4th 1462, 1469-72 (2008).

The state court reasonably determined that a rational juror could find beyond a reasonable doubt that Cox aided and abetted both crimes.  Among the facts the state court reasonably found probative of Cox's willingness to assist in the crimes

2

are that Cox was present yet failed to intercede while his roommate and close friend tortured the child victim to death and, through his acts and statements, helped cover up the crimes. The state court also reasonably determined that a rational juror could infer from Cox's willingness to aid and abet his friend in serving the child victim dog food and beer that Cox aided and abetted in inflicting physical injuries on the child victim. *See People v. Battle*, 198 Cal. App. 4th 50, 84-85 (2011) (discussing aiding and abetting factors).

**2.** The state court's rejection of Cox's prosecutorial misconduct claim — premised on the prosecution's arguing allegedly inconsistent theories of culpability during closing summation at the separate trials of Cox and his co-defendant — was not contrary to, or an unreasonable application of, *Darden v. Wainright*, 477 U.S. 168, 181 (1986) (addressing objectionable comments by the prosecutor during closing argument). *See* 28 U.S.C. § 2254(d). In summarily denying this claim, the state court reasonably could have found the theories advanced by the prosecution in the separate trials of Cox and his co-defendant not fundamentally inconsistent or irreconcilable. *See Nguyen v. Lindsey*, 232 F.3d 1236, 1240 (9th Cir. 2000) (noting in an AEDPA case that it is not "shocking or even unusual" that evidence comes in "somewhat differently at each trial").

3

**3.**     Finally, the California Court of Appeal's conclusion that the trial court did not abuse its discretion in denying Cox's request for a free trial transcript, or in denying a continuance in order to file a motion for a new trial, was not contrary to, or an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).  Cox has not identified a Supreme Court case holding that the Fourteenth Amendment requires a state to provide an indigent defendant with a free transcript for the purpose of filing a motion for a new trial.  In any event, the state court reasonably determined that counsel had other means to obtain the information needed to support a motion for a new trial.  *See Draper v. Washington*, 372 U.S. 487, 495-96 (1963).  Considering that Cox was granted multiple continuances and had adequate time to file a motion for a new trial, the California Court of Appeal reasonably determined that the trial court's denial of another continuance was not so arbitrary as to violate due process.  *See Morris v. Slappy*, 461 U.S. 1, 11-12 (1983).

**AFFIRMED**.

4